Okay very good. Mr. Carlisle I think you're up first aren't you? Yes sir. Okay. Why don't you go ahead. Thank you your honor. Good morning and may it please the court. My name is Corey Carlisle and I represent the appellants in this matter. We're here today on a relatively limited question but one that is interesting particularly in the way that we I think define the boundaries between 12b6 practice and summary judgment practice on a state law West Virginia conversion claim. This lawsuit and I think a little background may be helpful that wasn't in briefing. My client drills for oil in West Virginia and creates these partnerships to complete each project. And so that's the genesis of the accounts in this case. We've got four or five different accounts here and so that's the reason. But your problem seems to stem from the fact you got some accounts that were set up a long time ago and now you don't like the way they were set up. That doesn't I mean and the question the conversion type I guess that's what we're now dealing with is the question of the conversion. I think you the conversion is is is what you say the bank did here not at this time not what it did back then by putting it in a different one. Is that right? Yeah it's an interesting it's an interesting case and I think very unique case actually and because it the West Virginia. Because most people would would not have an account set up with this kind of sophistication and leave it for years and years and then come back and claim that it that is a different type of account than what it is. I don't know what the bank I don't know what the bank was to do. You got an order. You had an order from the what do you think the bank's gonna do via the court order tells them transfer this money. Seems like to me you need to sue the court or something or go and find out get that overturned. I don't know but I don't know what a bank does if that bank had not done this that's a problem I think don't you? I do and I think your honor said exactly on frankly part of the part of the issue with the very strange facts of this case and certainly something that if you know you your honor was in the war room trying to figure this out the time the complaint was drafted something that I imagined came up I wasn't there but I what I would say in terms of what was the bank to do because I think that's a pressing question I think it's a very good question you know what is a bank to do in this situation. I think anybody that represents a bank want to know that answer. Yes sir. I want to know the end of the day what do you think that bank should have done here that's different that it had a court order. I don't know what that to me seems to be this positive almost right then I know it's not but I did just feels like it ought to be from the bank's perspective. Well and I think that's why I think that's for that that determination to say for because because as I said at the beginning I think what we're doing here is limited and and as we know from West Virginia state law there's no requirement of bad faith on the bank's part this can be done in good faith and and and we've not alleged at least to my knowledge. It's more than good faith it is done under an order. Correct correct that's right. I don't know what the good faith is doesn't matter whether you you don't have a choice on that good and bad faith or you you gotta I mean the court sends you an order what are you gonna do? Well you either appeal that order or get it stopped or you go and get a injunction on it but then after the bank transfers it and says well you converted out our funds. I guess I'm gonna leave that alone maybe I'm the only one who has that concern but it troubles me just generally before we even get into the morass of legal issues here because if we can get in we can talk conversion we can get into you know what the facts were back then and whether he's an oil man and all of that but I'm just I'm really stuck on this thing on just the bank itself but go ahead and I probably taken away too much of the time on this concern of mine but I wanted to throw that on the table because I didn't want to be on my head and I'm sitting here not listening because that's still on my head I want you get that off of my head so that I can get into your argument. Understood understood well this is a court's time. Before you move on because I and I think Judge Wynn asked a question which if it's not properly answered that's to me the end of the case you have Dale or drill code it's listed as an account owner on each of these accounts and then the judgment was entered against Dale and drill code and Peoples was justified in paying over $100,000 to the joint creditor from the accounts it really has to do this because it was the the names on the accounts were the same names that the people against whom the judgment was was entered and the question is does the bank follow the rule of law or does it not because the West Virginia State Court as a is issued a suggestion and writ of execution and it just seems to me that if the bank is going to follow the rule of law and be properly respectful of a judicial order or in the suggestion and writ of execution here we have the bank refused to honor the court order and refused to honor the judgment it would have been in a heck of a lot of trouble and so not only did the bank not commit an error it seems to me that the bank proceeded along a perfectly lawful and honorable course. Yeah I think that the answer to that question is subject to we view that as more of a merits question but I understand the court's concern at this time I think the bank could have done something like an interpleader and ask for a determination on this particular issue and bring the issue before the court and say look we think we should give you the money Dale and Drillco says they you know that we converted let's have that determination made and go through it that way. How did the bank enrich itself? I don't understand I mean normally when you somebody is engaged in a conversion it's order to enrich themselves in some way but were the bank's actions here? Did they redound to the bank's benefit? Did they enrich the bank in some impermissible way? Yeah my response to that would go to the Rogers vs. Rogers case that we've cited it's a 1990 West Virginia Supreme Court that it is not necessary that the wrongdoer apply the property to his own use and so that to. But I'm saying I think it's a very relevant question it was what you're asking us to do overall is to evaluate the bank's behavior and Judge Wynn asked you the question what else was the bank to do and you know it was the same question it was in in my mind what was it to do other than to honor a court order and so yes it's relevant if the bank had enriched itself to me you would have a stronger case and you can point to the elements of the case and what conversion requires but the fact is without any profit on their part they honored a money judgment issued in Texas and a writ of execution issued in West Virginia and they did what they thought were quite reasonably the law required of them. Yes and I think part of this also is tied into how quickly this happened in terms of you know in the second part of the brief that we talk about the 21 days and how this happened within 9-10 days from the suggestion to the checks being issued and in that way these are just different bases for the way that the number one the speed with which this happened okay and so the bank didn't the bank did not respond as it I think could have with hey court make a determination for us you know we don't want to make the call on should we have to pay this should we not in terms of because Hugh Dale is saying that the funds are not subject to execution because they belong to some other partnership that's one option at that time and as I say also this is I think such a one-off case such a very very strange case you know no business owner wants to go through this in order to get their money back as the court can see it's not a lot of money and yet it's very meaningful and in you know my client has had this money and it's sitting there for now you know kind of a long time for this amount of money to be gone and so I don't think it's an incentive for people to just lay behind the log if this court comes out with an opinion that says we have stated a claim moving the case forward beyond that maybe we have factual development maybe other things can cement this I think you know and I don't mean disrespect but I think a feel and I think it's a valid feel that both your both your honors have expressed in terms of is this really a cause of action the district court can deal with that at a merits phase but insofar as we're we're just at the statement of the claim phase where we're crediting the things in the complaint that that are stated in that doesn't Tom Tom Lee and Igbo requires more I mean what you say makes sense but as I understand there was a reply or at least maybe when they answered it they appended that statement there to it it seems like even that a motion to dismiss they something more is required here that if you don't dispute that these claim those accounts are in those names and they did what the water did seems like something else I think you know that before you bone probably I probably would see all you need is notice on this thing it is nothing else but I think it's I think it's given a different standard at least for these kinds of cases sure I mean I think if I if I hear you correctly then where we're talking about judge is maybe the what we've talked about like the line between possibility and now where we're at with and and this is a difficult line to draw at times and I suspect part of the issue the ongoing issue with with the way that that standard was heightened by those two cases you know that said the issue about the names on the account the the tax ID or Social Security numbers that were that were on the account at the time you know we've we've got what we've stated in our complaint but we don't have a deposition we don't have well you know here's what here's how you know exactly how this conversation went down in my recollection we don't have the full extent of what what bank records I think we might have what we do have is a legal issue and I think we have a legal issue that's been presented to the court below that's presented to this court that this court can evaluate strictly on legal terms now you know I think we come to these cases with some regularity of is that really that really going to get anywhere past 12 b6 and I so I think the futility concerns that I hear the court expressing in our view the way that we've we've worded the complaint in terms of Mr. Dale's stated instructions in the past of create them this way and then the failure to create them that way those are the underlying concerns those are the underlying things that just sort of sat dormant for some time as we see 15 years or 10 years however long and those conditions that created this this later possibility for a conversion claim really just sat there for a while sort of like a maybe a testamentary interest you know grandpa's says I get the car well grandpa doesn't die for 20 years and then you know the that right springs into existence you know at the moment of death and so it is like there's another way to do this this doesn't I mean I'm the concern is I mean I don't know what the I don't know what the bank is to do on it but it seems to me there's another way if you know you got an action against you and you got a judgment you got these accounts it seems like you know those who have the accounts want to make sure that's not part of what can be executed here and probably in the state court is where you would bring this back to make sure that these accounts are exempt or you appeal it and says no you can't issue this order against this or something before it gets here I don't know it's a it's a strange animal you bring to us and I'm just you you mentioned that but I don't think I've ever seen a case like this is but tell me another case that's like this I can't I can't and I get what I but here's what I what I think was is interesting and I think counsel's for reversal here and because looking at the court's order the court the district court says it's pretty clear reasons for failure to state a claim on our other original claims okay negligence statute of limitations it's done okay this is a legal matter we see it from the record we haven't brought that issue on appeal fiduciary duty they say the court says a banking relationship does not create a fiduciary duty okay we haven't challenged that on appeal because there's clear case law from the state and then the FDCPA the statutory definitions there just they basically there's no way to plead into those in the facts here and and and you judge when you you touch on the I think the the frustration of of bringing this particular matter to court and to try to find some redress for my client this this claim is the only one that doesn't contain in our position in the district court's opinion a clear categorical reason why it ought to be prohibited just in terms of how we stated a claim and so for that reason we asked well then it looks like a negligence runaround it looks like you might be bringing a conversion because you can't bring a negligence claim because the statute of limitations on it well I that's just the nature of the beast here I suppose because that that you know as as we said the negligence so sat there and unfortunately for Mr. Dale the this judgment happened and everything that's come from it and so I think it's a unique claim and in any event for the reasons we've stated we asked the court to reverse and remand the case. Thank you very much. Mr. Spence. Thank you your honors. To start with something wasn't clear in the statute of limitations. It was done by the plaintiffs in this case to fight or protest the transfer of the money to the judgment predator. They litigated the validity of the judgment and that is noted in the record it's noted in the district court's order joint appendix 169 footnote 2 discusses the fact that there is now a West Virginia Intermediate Court of Appeals opinion discussing the validity of the judgment. It's also discussing the validity which was challenged of the debt and the collection of the debt. So the West Virginia Supreme Court has addressed that issue in terms of the validity of the underlying judgment in Texas and its ability to be domesticated and enforced in West Virginia. The West Virginia Supreme Court has also addressed a situation not directly related to the judgment but it's addressed the situation of does the judgment debtor which would be the plaintiffs in this case who owe debt on a judgment to a judgment predator. Do they have the right to say to a person who has received a suggestion you have to stop you have to wait. You cannot comply with that suggestion because we think there are issues with it. The answer to that question is no. They do not have the ability to do that and that is from the West Virginia Supreme Court case of Van Scoy versus Neal 322 Southeast Second 37 and it says the third party who receives the summons may either answer the summons and await service of a court order before releasing the property to the clerk or it may deliver the property before the return date of the summons. Under the statute the judgment debtor is not entitled to notice of his exemption rights nor is he given an opportunity to claim his exemptions before the third party surrender of the judgment debtor's property and that's what's happened here. The bank has surrendered the judgment debtor's property in response to the suggestion and complied with West Virginia law by doing so and the fact that the judgment debtor or other entities have objections to that does not cause compliance with a lawfully issued summons by the clerk of the West Virginia court to be inappropriate in any way, shape, or form. You're saying that the vehicle by which the plaintiff here should try to assert their rights are in bankruptcy? Or in some separate proceeding? Going back to the Texas courts or try to amend the judgment or alter the judgment and then try to retrieve the funds? So you're saying that there are a variety of other mechanisms that were open to the plaintiffs if they wanted to get the money back, including bankruptcy and a return to the Texas courts or whatever, is that correct? Yes, Your Honor. And to the point in this case, Your Honor, the real wrongdoing that was alleged in the complaint was the setting up of the accounts, and setting them up as joint accounts rather than as a partnership account. Well, I think there's also an allegation that the bank was under an obligation to allow Mr. Dale to respond to the suggestions, to provide some opportunity to respond. That's a second claim, or second legal argument at least. Yes, Your Honor, and may I address that? So that legal argument is based upon an incorrect application of the statute and of the rule. The argument that is advanced by the plaintiffs is that the plaintiff has 21 days to respond to the suggestion. That is incorrect. It is the person who receives the suggestion, which would be the bank. The bank has up to 21 days to respond, and the bank is permitted to respond in advance of that time, and it is permitted to respond in advance of the deadline pursuant to statute. West Virginia Code 38-5-14 permits the bank to directly send money to the judgment creditor on or before the date that the suggestion comes due, which is the 21 days. The misapplication or the fallacy in the argument advanced by the plaintiffs is that the plaintiffs contend that in the application of the statute, plaintiff is the person. Plaintiff is not the person that is referred to in the statute. The person referred to in the statute is the person who receives the suggestion, and that person in this case is the bank. So the bank under statute, once it receives the suggestion... What case are you relying on for the point that the person in the statute is the individual that receives the suggestion, as opposed to the individual that lays claim to those assets? Your Honor, I'm not citing a case. It's the statute itself. It would be 38-5-14 and 38-5-10. And those two statutes use... It said, a person suggested, which would be the person that would receive the suggestion, may at any time before the return day of the summons deliver the property or pay the money for which the person is liable at the time of service of the summons, for a sufficiency thereof to satisfy the execution, and shall thereby be discharged from any further liability. And so the argument advanced by the plaintiffs does not fly because their argument says that they assumes, is premised on an assertion that they are the person who is given up to 21 days to respond. That assertion is incorrect. The person who is given 21 days, up to 21 days to respond, is the person who receives the suggestion, and the record is clear that the person who received the suggestion is the bank. Does that answer Your Honor's question?  And so, looking at the complaint, and the reason why the complaint, at this point, fails to allege a cause of action for conversion, which is the only cause of action that is being appealed, I suggest to the court that the key paragraphs of the complaint, which demonstrate why the complaint does not state a cause of action for which relief can be granted, is paragraph number 41, and paragraph 41 alleges that the accounts were created as joint tenancy accounts. So that's the fact that's alleged. And then paragraph 96, which is an allegation or a conclusion of law, which is that the defendants had no legal right to divert or dispose of the assets contained in those accounts. While we have to accept the facts as true, we do not accept as true the legal conclusions of the plaintiff. And that legal conclusion, in paragraph 96, is wrong. And it's wrong because of the factual allegation in paragraph 41. Because these are joint accounts, they are subject to being levied via suggestion for debts that are owned by any of the individual owners of the account. And as such, when the bank responds to the suggestion that's lawfully issued by the clerk of the West Virginia court, the bank is not acting without a legal right. The bank, in fact, at that point, is compelled by the law to turn over the assets that it has under the name of either Hugh Dale or Drilko. What recourse do you suggest that the plaintiffs have here if they wanted to protect the funds in their account? What do you suggest? I know we've talked a lot about what the bank's rights are and what the bank is doing, but what course of action do you think that these plaintiffs should have pursued if they wanted to protect the funds in their account? The plaintiffs, well, you know, starting off, they could have appeared in the Texas action and defended the Texas action. They could have appeared and defended, which they're trying to do. I don't know if in West Virginia we have a decision from the Intermediate Court of Appeals in which they were trying to defend. That can be subject to an appeal to the West Virginia Supreme Court. I don't know if they're pursuing such an appeal. And they can potentially bring, if they think these funds have been wrongfully taken by the Texas entity Signal, they could sue Signal for conversion. If they think Signal is wrongfully in possession of their funds. So what you're suggesting, though, is that the plaintiffs needed to go back to Texas court to alter the amount of the fact of the judgment or take an appeal in the Texas court or that they return to the West Virginia court and try to find some problem that would have forced all the writ of execution, but that they should go back to the courts in Texas or West Virginia to straighten it out? All of those are options. Is that a realistic option for them? I don't know at this point if it's a realistic option for them to bring a new suit against Signal given the passage of time and the application of a potential statute of limitations to a conversion claim. I don't know if they have a realistic option. If they feel that there's an unjust withdrawal or an unjust claim on their accounts, you say, well, they could do something with the Texas action, but that's already been litigated. The West Virginia Supreme Court is probably engaged in sort of a ministerial action in just carrying forward the Texas judgment. But if they really feel that this is a wrongful withdrawal here, I just wonder how they could protect themselves. I'm not sure that at this point in time they have a viable option to do so. And I think that would depend upon, perhaps, if they were to file suit in Texas, what the statute of limitations in Texas would be for asserting a conversion cause of action against Signal were they to do so in Texas. And I don't know the answer to that. They can also, you know, the partnerships can also sue Hugh Dale personally for negligence in his setting up of the accounts. The bank shouldn't get swept up in all of this. Whatever the issue is between their adversary in Texas and whatever the issues are before the Texas court, that's for Texas to decide and that's what the Texas litigation should have decided. But once the judgment reached the West Virginia court and once the writ of execution was issued, your view is that the West Virginia court had very little that it could do upon hearing from Texas and that the bank had very little that it could do upon receiving the writ of execution. That the real playing field here was all the way back in Texas and that the subsequent steps were almost ministerial. Is that correct? Yes, Judge. And to be, I guess, you know, gracious to the plaintiffs in this case, I think a fair thing to say also would be the real playing field is way back in the early 2000s when the accounts were created and whether or not they were created in accordance with the instructions of Mr. Dale or were negligent. And that playing field is not open to anyone at this point because of the passing of the statute of limitations and the fact that the negligence cause of action is not being appealed. And so to try and keep what really should be a negligence claim alive, the plaintiffs are pursuing a cause of action for conversion because the complaint was filed within two years of the date that the bank responded to the suggestion. And so that's the only act that took place by the bank within the two year statute of limitations. That's why they're... I understand all that, but the real question, even apart from the statute of limitations, is that what we are dealing with is the enforcement of a judicial judgment and the fact that neither the West Virginia court nor the bank wished to make itself a party to the frustration of a judicial judgment and they did not want to interpose themselves as a bar to the execution of a court judgment. That, it seems to me, is what it all comes down to is the enforceability of judgments and whether we want to build into that process various causes of action and bars and hurdles and everything. I mean, I think that society has a general right and courts have a general obligation to see that the enforcement of judgment is being carried out without all kinds of causes of action being brought against intermediaries. And what's happening here is that they're trying to obstruct enforcement by attacking intermediaries and that just can't be right. I agree, Your Honor. But isn't that what really is at stake here? Yes, Your Honor. Let me ask my fine colleagues if they have a question for you. Judge Winn? No, I do not, Your Honor. No, I do not. All right. We thank you, Mr. Spitz. Thank you so much. Thank you, Your Honor. Thank you, Judge Winn. Thank you, Judge Berger. Yes, Your Honor. A few points. Maybe go with what y'all were just talking about. And I think that we can't categorically say a bank can never be wrong to execute on a judgment. There are many facts. I said that wrong. Can't categorically be wrong in answering the suggestion without availing itself of certain other remedies like an interpleader and asking for someone to make a determination. Second, I'll go to the West Virginia procedural rule on suggestions. That was 38-5-10. And I think what my friend could have pointed out and I would point out is at the very beginning of that statute, Section A of that, it has two qualifying phrases. Upon the suggestion by the judgment creditor that a person is indebted or liable to the judgment debtor, that's one. And then two, or has in the person's possession or control personal property belonging to the judgment debtor. And so at the beginning of this procedural statute, it's not just the person holding. The bank is holding. You might say Dale was holding it in an account. But either way, the number one part of it is he's indebted in terms from the Texas judgment. And so that's part of our interpretation of that rule and part of why we suggest that applies. As with my friend, I faced the issue of not being able to bring the court a case to tell us what this statute means any more than us looking at the text here and banging five heads together to get an answer. But that's under. But the suggestion itself is a suggestion to the bank. Yes. As as the judgment as holding as holding the funds. And so it seems it's upon a suggestion by the judgment creditor that a person is indebted or liable. So the person how do we not read that as the person referring to the bank? I think that the suggestion by the judgment creditor maybe says both in a way and in terms of Dale is indebted and bank you hold in your possession the property. That's how I would answer that question. Going going to the pleadings, my friend identified two paragraphs, 41 and 96 of the complaint. And I don't I'm not certain that the suggestion that that the argument is that we've had pled an admission there in terms of 41 saying that the accounts are originating as a joint tenancy. That seems to be what is on paper for now. But as we allege, that was not what we had asked for at that point. I'll move to the issues of sort of what to do. There's been a lot of talk about that. As I said, of course, I think the pleader we are in Texas state court currently litigating a procedure called a bill of review here that we're within the timeline to do that. It's within four years of the judgment that's happening right now. That is one of the things we're trying to do to get all of this undone, because this was a the underlying judgment in the beginning was a default judgment. And we have some service related arguments under Texas law to try to undo that, which, as Judge Wilkinson suggested, would perhaps allow us to get back at these monies and to solve that issue that way. I think the final thing I would note is we didn't have a conversion claim until the cashier's checks were issued in this case. We had nothing. We had a judgment. There was enforcement efforts, execution efforts. But under West Virginia law, this cause of action does not accrue until that act takes place. Well, but you're not totally blameless in all of this, because you're the one that set up these accounts in this name. And you're the one that litigated the case in Texas. And really, once the account was set up in that name and the judgment was entered in by the account owners, at that point, the die was cast. The writing was on the wall. Your real opportunity was to litigate the Texas case more successfully. But that didn't come about. And you're upset that you're stuck with a $100,000 judgment. But that's not the bank's fault. And the bank shouldn't be complicit in the fact that the Texas litigation did not turn in your favor. That's my whole problem with it, is that it all traces back to the fact that you lost $100,000. But you lost $100,000 due to the outcome of the Texas litigation. You didn't lose $100,000 as a result of something that the bank did. That's my problem. And, Your Honor, I think I fully expect to hear all of those arguments from the bank at summary judgment. And we can fully address those, what I can characterize as merits-based arguments at that time. Okay. Thank you. But this is, in some ways, this is a collateral attack on the Texas judgment. It just doesn't sit well with me. But I'm going to ask Judge Winn, Judge Berner, do you all have any questions of Mr. Carlisle? I do not. Judge Berner, are you okay? Yes, thank you. All right. I want to thank both of you for your arguments here today. And we appreciate it. And I said to, in the previous Council, it would be awfully nice if we could come by and express our appreciation personally with a handshake. Or these days, I guess, a fist bump is quite appropriate. I just want to say to you both, okay? Thank you all. Have a good afternoon.
judges: J. Harvie Wilkinson III, James Andrew Wynn, Nicole G. Berner